J-S36022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHANE ALAN SIGMAN | : | |
| | : | |
| Appellant | : | No. 85 MDA 2019 |

Appeal from the PCRA Order Entered December 11, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004585-2012

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 24, 2019**

Appellant, Shane Alan Sigman, appeals *pro se* from the order denying his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On July 8, 2013, Appellant entered an open guilty plea to one count of murder in the third degree as to one victim, and one count of simple assault as to a second victim.[1]  On September 30, 2013, Appellant was sentenced to an aggregate term of fifteen to thirty years of imprisonment.  Appellant did not file a direct appeal.

---

[1] 18 Pa.C.S. §§ 2502(c) and 2701(a)(1), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

On May 7, 2015, Appellant sent correspondence to the trial judge disputing a modification of restitution.[2] The court treated this filing as a PCRA petition, and PCRA counsel was appointed. On September 8, 2015, PCRA counsel filed a no-merit letter. The PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing and granted counsel's request to withdraw. On January 4, 2016, the PCRA court entered an order dismissing Appellant's petition. Appellant did not file an appeal to the Superior Court.

Appellant field a second PCRA petition on February 8, 2018, and on February 27, 2018, he filed an amended petition. On April 13, 2018, the PCRA court issued its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a response, and on July 10, 2018, the PCRA court dismissed Appellant's PCRA petition.

On July 26, 2018, Appellant filed an appeal to this Court. *Commonwealth v. Sigman*, 1257 MDA 2018. The appeal was subsequently dismissed at Appellant's request on August 22, 2018.

Appellant's third and instant PCRA petition was filed on September 12, 2018. The PCRA court issued a notice of intent to dismiss the petition on October 19, 2018. On October 30, 2018, Appellant filed a request for an

---

[2] On September 30, 2013, Appellant was ordered to pay restitution in the amount of $7,219.07. The court modified the restitution amount to $7,804.07 on December 30, 2013, and to $9,791.64 on April 22, 2015, without objection from Appellant.

additional thirty days to file a response. On October 31, 2018, the PCRA court granted the request and gave Appellant until December 9, 2018, to file a response. Appellant failed to file a timely response, and on December 11, 2018, the PCRA court entered an order dismissing Appellant's third PCRA petition. Appellant subsequently submitted a response, which was filed in the clerk of court's office on December 17, 2018, after the deadline and after the dismissal order was entered.[3] Appellant filed a notice of appeal on January 10, 2019. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for our review, which we reproduce here verbatim:

> 1) Did The trial court errored in Not excepting and responding to the Appellant answer to the 907 Notice?
>
> 2) Did The Pa state police entered and search Appellant Home Illegally and wihtout search Warrant. Violating Appellant 4th Amendment Rights?
>
> 3) Did Appellant Stated "New" Evidence in His PCRA submitted to Trial Court?
>
> 4) Did The Defence Attorney at the time of Trial Robert Reese Jr. failed to have Appellant examined by Psycologist Prior to submitting his Guilty Plea. and raises questions of competancy?

---

[3] On October 30, 2018, Appellant filed a *pro se* petition asking the PCRA court judge to remove himself, asserting that the judge was biased against him based on findings in the Rule 907 Notice. The petition was denied on December 3, 2018. Appellant also filed a petition to stay proceedings on November 30, 2018, because there had been no ruling on his petition to remove the PCRA court judge, and he was awaiting the release of Department of Corrections ("DOC") mental health records, which he needed before responding to the Rule 907 notice. This petition was also denied on December 3, 2018.

5)      Did At the time of the Plea and at Sentencing Was the Appellant on Medication for Mental Health Conditions that possibly could have altered his decision making?

6)      Did The Pre sentence investigation there was a Mental exam performed on the Appellant that results show that he was intoxicated and not thinking clearly at the time of the Incident?

7)      Were There several different inconsistancy in Police Reports between Pa State Police Officers in there reports?

8)      Were there Inconsistancy in the Reports of the Witness statement?

9)      Was There was Bias shown On the Part of the Trial Judge Hon. James Cullen with statements and possible conflict of Interest?

10)     Were there Bias Opinions on the Part of the Persiding PCRA Judge Hon. Donald Tataro?

11)     Was there Govt. Interferance in this case pertaining to Pa Doc By Not allowing Appellant to obtain his DOC Mental Health Records Initially?

12)     Was the Appellant 5th,6th,8th and 14th amendment violated?

13)     Did the Appellant attorney Robert Reese Jr. fall below standards during trial process through out?

Appellant's Brief at 2-3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is

free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed within

---

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

one year of the date the claim could first have been presented.[5] 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant was sentenced on September 30, 2013. Appellant did not file a direct appeal. Accordingly, Appellant's judgment of sentence became final on October 30, 2013, when the time for filing a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a). Therefore, Appellant had to file the current PCRA petition by October 30, 2014, in order for it to be timely. *See* 42 Pa.C.S. § 9545(b)(1) (a PCRA petition must be filed within one year of the date that

---

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[5] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented. However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter.").

the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until September 12, 2018. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that one of the exceptions exists. *Commonwealth v. Whitehawk*, 146 A.3d 266, 269–270 (Pa. Super. 2016).

It appears that Appellant is attempting to assert exceptions to the PCRA time-bar on the basis of the newly-discovered facts and government interference exceptions. Appellant's Brief at 2-3, 21-22. Appellant maintains that he has newly discovered facts based on a conversation he had with his son on July 9, 2018. Appellant's Brief at 22. During that conversation, Appellant learned from his son that on the night of the incident there was another person, Larry Killian ("Killian"), present at the crime scene prior to police arrival. *Id.* Appellant maintains Killian confessed to Appellant's son that he had attacked Appellant. *Id.* Appellant contends that although Killian asserts he attacked Appellant, Appellant had no marks on his body and did not recall the attack because he was "highly intoxicated." *Id.* at 22-23. As a

result, Appellant speculates that Killian, in fact, attacked the victim and not Appellant, and was the perpetrator of these crimes. *Id.* at 22-23.

Furthermore, Appellant asserts that government interference occurred because the DOC interfered with him obtaining his medical records. Appellant's Brief at 21. Appellant contends that the DOC policy provides that inmates cannot have their medical records on their person, and as a result, this policy prevented him from filing a PCRA petition with his medical records attached. *Id.*

Before addressing Appellant's claims of exceptions to the PCRA time-bar, we must first determine whether these contentions have been preserved. As our Supreme Court has explained: "In order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)).

Review of Appellant's Pa.R.A.P. 1925(b) statement reflects the following issues, reproduced here verbatim:

1) Has the Trial Court made error by NOT responding/ignoring the submission of 907 Response on December 7, 2018.

2) Did the Honorable Judge Tataro Make Bias Statements and errors in his 907 Rule that Appellant was ordered to respond to.

3) has the Trial Court Errored in Not Appointing Counsel for Appellant and has yet to date send time stamped copy of Appeal To date. and in fact purposly delayed sending Order of Concise statement. and holds personal vendetta against Appellant for asking him to be Removed for Bias

4) Has Judge tataro made statements of untruth in his 907 Order.

Pa.R.A.P. 1925(b) Statement, 6/30/19, at 1-2.

Appellant has failed to include in his Pa.R.A.P. 1925(b) statement the claims he maintains establish exceptions to the PCRA time-bar. Because these issues are not included in his Pa.R.A.P. 1925(b) statement, those issues are waived. *Hill*, 16 A.3d at 494. Thus, Appellant has failed to establish an exception to the PCRA time-bar. Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/24/2019